**FILED**
**Feb 3, 2023**
**1:46 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Mekisha L. Watson | ) | Docket No.     2022-06-1338 |
| | ) | |
| v. | ) | State File No.   33143-2019 |
| | ) | |
| Lowe's Home Centers, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed and Remanded

---

The employee suffered a compensable injury for which she received workers' compensation benefits. After the employee reached maximum medical improvement, the employer sent correspondence to the employee in an effort to resolve the claim, but no settlement was reached. The employee filed a petition for benefit determination and, prior to participating in a mediation, the employer filed a motion to dismiss the petition on the basis that the statute of limitations had expired. In its brief filed in support of its motion, the employer argued that the employee's petition was filed more than one year after the last voluntary payment of benefits was issued. At a hearing on the employer's motion, the trial court concluded that, because the parties had not yet participated in mediation and because no dispute certification notice had been filed, the motion to dismiss was premature. The employer appealed, asserting the trial court erred in finding it did not have jurisdiction to rule on the motion to dismiss. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, Lowe's Home Centers, Inc.

Mekisha L. Watson, Lebanon, Tennessee, employee-appellee, pro se

## Memorandum Opinion[1]

Mekisha Watson ("Employee") suffered injuries to her left foot, arm, and shoulder in May of 2019 while in the course and scope of her employment for Lowe's Home Centers, Inc. ("Employer").[2] Employer accepted the claim as compensable and provided authorized medical care. Upon Employee's reaching maximum medical improvement, counsel for Employer forwarded proposed settlement documents to Employee on June 30, 2020. After some communication with Employee, counsel forwarded a second set of proposed documents on July 13, 2020. Employee did not respond to the second set of documents and did not engage in further discussions with Employer relating to the settlement of her claim. Employee states that when she eventually spoke to Employer's attorney, he informed her that her "time had run" and that Employer was no longer obligated to make any settlement offers. After speaking with an ombudsman with the Bureau of Workers' Compensation, she filed a petition for benefit determination on June 29, 2022, seeking future medical care and permanent disability benefits.

Prior to participating in mediation, Employer retained new counsel, who filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(1), citing the expiration of the statute of limitations.[3] In support of its motion, Employer asserted in its brief that the last voluntary payment of benefits was issued on May 21, 2020.[4] Employee responded to the motion, asserting that she did not understand that she needed to file anything to preserve her rights. She explained that she believed, because benefits had been paid, her claim had already been "filed." She also cited other factors, such as working through a pandemic, caring for family members, and contracting COVID-19, as reasons for her lack of a timely response.

After hearing argument, the trial court issued a decision concluding that the workers' compensation statutes and Bureau rules require the issuance of a dispute certification notice before it could address a motion to dismiss, which is a dispositive motion that would resolve Employee's claim for workers' compensation benefits in its entirety. The court stated that the motion to dismiss was premature and not properly before the court. Employer appealed, asserting the "trial court abused [its] discretion by

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] There are no medical records or other exhibits contained in the record; therefore, we glean the factual history of the claim from the papers included in the technical record.

[3] Tennessee Rule of Civil Procedure 12.02(1) references a court's subject matter jurisdiction.

[4] This purported statement of fact was unsupported by an affidavit or other sworn testimony.

2

denying Employer's Motion to Dismiss on the basis that it did not have jurisdiction to rule on the motion."

As an initial matter, we note that Employer's characterization of the trial court's order is not accurate. The trial court did not deny the motion to dismiss due to a lack of "jurisdiction." Instead, it declined to rule on the motion to dismiss because the motion was premature and not properly before the court from a procedural standpoint. Tennessee Code Annotated section 50-6-203, the provision addressing the statute of limitations, states:

> No request for a hearing by a workers' compensation judge under this chapter shall be filed with the court of workers' compensation claims, other than a request for settlement approval, until a workers' compensation mediator has issued a dispute certification notice certifying issues in dispute for hearing before a workers' compensation judge.

Tenn. Code Ann. § 50-6-203(a) (2022). Moreover, the Workers' Compensation Law also addresses requirements for issuing a dispute certification notice:

> If the parties are unable to reach settlement of *any* disputed issues, the mediator shall issue a written dispute certification notice setting forth all unresolved issues for hearing before a workers' compensation judge.

Tenn. Code Ann. § 50-6-236(d)(1) (2022) (emphasis added).

Employer contends the trial court has jurisdiction to hear its motion and relies, in part, on section 236(d)(3)(A), which provides that "[n]o party is entitled to a hearing before a workers' compensation judge to determine temporary or permanent benefits . . . unless a workers' compensation mediator has issued a dispute certification notice . . . ." In its brief on appeal, Employer argues that because its motion to dismiss does not pertain to the employee's entitlement to temporary or permanent disability benefits, the court "has jurisdiction" to hear and rule on the substance of its motion. We find this argument unpersuasive for two reasons. First, section 236(d)(3)(A), when read in light of section 50-6-203(a), stands for the proposition that a disputed issue regarding an employee's entitlement to disability benefits is but *one* of the circumstances where the trial court cannot act without a dispute certification notice. Section 236(d)(3)(A) does not purport to describe *all* circumstances in which a dispute certification notice must be issued prior to the court's taking action. Second, the original petition filed by Employee asked the court to address Employee's entitlement to permanent disability benefits, and the motion to dismiss, if successful, would preclude all such benefits. As such, the express language of section 236(d)(3)(A) mandates the issuance of a dispute certification notice in these circumstances and further supports our conclusion that the motion was filed prematurely.

In its brief on appeal, Employer asserts that its motion to dismiss should have been granted because the trial court was "divested of subject matter jurisdiction due to the expiration of the statute of limitations."  Subject matter jurisdiction is defined as "[j]urisdiction over the nature of the case and the type of relief sought."  Black's Law Dictionary, 10th ed.  There is no question that the Court of Workers' Compensation Claims has "original and exclusive jurisdiction" over workers' compensation cases such as this one, and it has the authority to address the type of relief Employer seeks. *See* Tenn. Code Ann. § 50-6-237 (2022).  Additionally, raising the affirmative defense of the expiration of the statute of limitations in a motion does not, alone, establish either that the statute of limitations has expired or that the trial court has been divested of subject matter jurisdiction.  In fact, to determine whether the expiration of the statute of limitations bars a claim, the court must make certain findings, or, in other words, exercise subject matter jurisdiction.  Thus, the issue in this case is not one of subject matter jurisdiction.

In addition, Tennessee Code Annotated section 50-6-239 addresses the relevance of dispute certification notices.  Subsection (a) states that "[w]ithin sixty (60) days *after the issuance of a dispute certification notice . . .*, a party seeking further resolution of disputed issues shall file a request for a hearing with the bureau . . . ." Tenn. Code Ann. § 50-6-239(a) (2022) (emphasis added).  Moreover,

> [u]nless permission has been granted by the assigned workers' compensation judge, only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication.

Tenn. Code Ann. § 50-6-239(b)(1).  Even then, however, the issues that can be presented to a workers' compensation judge without being first identified on a dispute certification notice are statutorily limited.  *See* Tenn. Code Ann. § 50-6-239(b)(2)(A) & (B).  A motion to dismiss based on the alleged expiration of the statute of limitations is not an exception identified by rule or statute.

Finally, we conclude that the court could not rule on such an affirmative defense while the case is in its current procedural posture.  By its very nature, a Rule 12.02 motion to dismiss asserts that the claim fails on its face, without the need for the court to consider other evidence.  *See, e.g.*, *Redwing v. Catholic Bishop for the Diocese if Memphis*, 363 S.W.3d 436 (Tenn. 2012) (finding a motion to dismiss filed pursuant to Rule 12.02(6) and based on the expiration of the statute of limitations premature because discovery was necessary to determine whether the statute of limitations served to bar the claim).  In assessing whether a statute of limitations has expired in a workers' compensation claim, a court must consider evidence establishing certain facts, such as the date of injury, whether benefits have been paid and, if so, the date of the last voluntary

payment of benefits. Here, no such evidence was submitted to the court.[5] If such evidence *had* been submitted to the court, the motion would have been converted to a Rule 56 motion for summary judgment. *See* Tenn. R. Civ. P. 12.02. Trial court regulations prohibit the court from entertaining a motion for summary judgment until a scheduling order has been entered. *See* Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b).

In short, the trial court declined to rule on Employer's motion to dismiss because no mediation had occurred and no dispute certification notice had been issued pursuant to statutory requirements. The court concluded that the motion to dismiss was premature for this reason, as a dispute certification notice is necessary before proceeding to a hearing. We find no error in the court's decision. Furthermore, the court's decision does not deprive Employer of access to the courts.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.

---

[5] Arguments of counsel and allegations in a brief are not evidence. *See Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 86 n.3 (Tenn. 2008).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Mekisha L. Watson | ) Docket No. 2022-06-1338 |
| | ) |
| v. | ) State File No. 33143-2019 |
| | ) |
| Lowe's Home Centers, Inc. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of February, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart | | | | X | wth@mijs.com<br>dmduignan@mijs.com |
| Mekisha L. Watson | | | | X | mekishawatson76@gmail.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov